

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2005

# USA v. Evans

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2772

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Evans" (2005). *2005 Decisions.* Paper 1382.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1382

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2772

UNITED STATES OF AMERICA

v.

DARRYL EVANS,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 02-cr-00166-02)

District Judge:  The Honorable James T. Giles
_____

ARGUED DECEMBER 13, 2004

BEFORE: NYGAARD, ROSENN, and BECKER, <u>Circuit</u> <u>Judges</u>.

(Filed April 11, 2005)
_____

George H. Newman, Esq. (Argued)
Newman & McGlaughlin
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
               <u>Counsel for Appellant</u>

Sarah L. Grieb, Esq. (Argued)
Denise S. Wolf, Esq.
Office of United States Attorney
615 Chestnut Street

Philadelphia, PA 19106

Counsel for Appellee

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Appellant Darryl Evans was convicted after a jury trial of three counts of mail fraud and one count of wire fraud. He was sentenced to a term of six months imprisonment, three years of supervised release with the first six months under house arrest, a $300 fine, a $400 special assessment, and $8,879.99 in restitution. On appeal, Evans challenges the sufficiency of the evidence, and his sentence pursuant to *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). We will affirm in part and vacate and remand in part.

**I.**

Evans, a former lieutenant and the commanding officer of the Mounted Unit of the Philadelphia Police Department, was involved in a scheme to defraud the Department. Because of the special needs of the Mounted Unit, it was allowed to contract with an outside vendor to purchase horseshoe and stable supplies. In cooperation with a supplier, several officers in the Mounted Unit would order items not permitted by the City's contract, knowing that the supplier would then falsely bill the city for permissible items and add a profit for himself. The supplier created an invoice with the actual items

2

ordered and a false invoice, and then submitted the false invoice to the city. The items listed on the false invoices were never supplied.

As commanding officer, Evans was responsible for ensuring that the Unit received the items listed on the invoices. The Government alleged at trial that Evans had, at times, directly verified that items had been received when they had not. The Government also claimed that Evans and other officers concealed from the city the items that were improperly obtained. A cooperating witness testified that when Evans became commanding officer, he was told about the scheme and given a choice as to whether he wanted to continue with the scheme by signing the false invoices. According to the testimony, Evans knowingly signed the false invoices. Additionally, multiple witnesses at trial testified that they ordered "off-contract" items at Evans' direction.

Evans testified in his own defense. He admitted that he ordered several off-contract items through the stable supplies contract. Furthermore, he admitted that he did not follow proper police procedure when he failed to assign property numbers and inventory various off-contract items. Nonetheless, he denied any knowledge of false invoices or any criminal intent.

## II.

In reviewing a claim for insufficient evidence, we view the evidence in the light most favorable to the Government. *United States v. Shambry*, 392 F.3d 631, 634 (3d Cir. 2004). Evans' conviction must be affirmed if a reasonable jury could have found him

guilty beyond a reasonable doubt and the verdict is supported by substantial evidence. *Id.* We will overturn a verdict only where the failure of the prosecution is clear. *United States v. Haywood*, 363 F.3d 200, 204 n.3 (3d Cir. 2004). Evans argues that because the jury acquitted him of some charges, they must have found that he did not authorize the purchase of falsely "invoiced" items.

Given the testimony by cooperating witnesses, the documentary evidence regarding the off-contract purchasing scheme, and Evans' testimony at trial, a reasonable jury could have found Evans guilty beyond a reasonable doubt. Evans has failed to overcome the heavy burden placed on a defendant challenging the sufficiency of the evidence. *See id.*

**III.**

Evans also raises several challenges to his sentence. Having determined under *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005), that the sentencing issues Evans raises are best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with *Booker*.